IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CALVIN DEWAYNE RANDLE, 1333998,<br>    Petitioner, | )<br>)<br>) |
| v. | )    No. 3:10-CV-358-P |
| | ) |
| RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>    Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On October 18, 2005, Petitioner was convicted of aggravated robbery and sentenced to fifteen years confinement. *State of Texas v. Calvin Dewayne Randle*, No. F-05-45625-T (283rd Dist. Ct., Dallas County, Tex., Oct. 18, 2005). On October 17, 2006, Petitioner's conviction and sentence were affirmed on direct appeal. *Randle v. State*, No. 05-05-01602-CR (Tex. App. – Dallas, pet. ref'd). On June 13, 2007, the Texas Court of Criminal Appeals denied Petitioner's

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -1-

petition for discretionary review.

On June 23, 2008, Petitioner filed a state habeas petition. *Ex parte Randle*, No. 70,655-03. On February 11, 2009, the Texas Court of Criminal Appeals dismissed the petition as noncompliant. On October 2, 2009, Petitioner filed a second state habeas petition. *Ex parte Randle*, No. 70,655-04. On January 6, 2010, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On February 8, 2010, Petitioner filed this federal petition for habeas relief. On March 29, 2010, he filed an amended petition. Petitioner argues:

(1) the state withheld *Brady* evidence;

(2) he received ineffective assistance of counsel when counsel failed to: conduct a sufficient investigation, pursue subpoenas for evidence, adequately explain the law to the jury, ask Petitioner about the facts of the case and object to testimony from the state's witnesses; and

(3) he is actually innocent;

On July 8, 2010, Respondent filed a preliminary response arguing that the petition is barred by limitations. On July 29, 2010, Petitioner filed a response. The Court now finds the petition should be dismissed as time-barred.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L.

Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On June 13, 2007, the Texas Court of Criminal Appeals denied the petition for discretionary review and his motion for rehearing was denied July 12, 2007. The conviction became final ninety days later, on October 10, 2007. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until October 10, 2008, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's first habeas application was dismissed because it failed to comply with Texas Rule of Appellate Procedure 73.1. It therefore was not "properly filed" within the meaning of § 2244(d). *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004) (finding state habeas application is not properly filed if erroneously accepted by state court that lacks jurisdiction); *Kelly v. Quarterman*, 260 Fed Appx. 629, 630 (5th Cir. 2007) (finding state habeas petition was not properly filed when it was filed while direct appeal was still pending).

On October 2, 2009, Petitioner filed his second state habeas petition. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his federal petition no later than October 10, 2008. He did not file his petition until February 8, 2010. The petition is therefore untimely.

**B.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because he is actually innocent, and because he had difficulty getting time in the law library due to favoritism and lockdowns. Claims of actual innocence, however, to not entitled a petitioner to equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding actual innocence claims do not support equitable tolling of the AEDPA statute of limitations). Additionally, Petitioner has not provided the Court with the dates he was on lockdown, or explained the two and a half year delay in filing his federal petition. *See Coleman,* 184 F.3d at 402 (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Petitioner has not shown that he is entitled to equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 20th day of July, 2012.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).